104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse WATFORD, Plaintiff-Appellant,
v.
CITY OF CLEVELAND, John Brady, Melvin Mervine, and Edward P.
Kovacic, Defendants-Appellees.
 No. 95-4324.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 Before: ENGEL, BROWN, and COLE, Circuit Judges.
 ORDER AFFIRMING ORDERS OF DISTRICT COURT DISMISSING CLAIMS
 OF PLAINTIFF-APPELLANT
 PER CURIAM.
 
 
 1
 At the outset, we note that plaintiff-appellant, Watford, in his reply brief states that: "Appellant is not contesting the dismissal of appellees City of Cleveland, the Chief of Police [Kovacic] nor the dismissal of claim of excessive force." Accordingly, by consent, it is ORDERED that such claims be and the same are hereby dismissed. The remaining appellees are Sergeant John Brady and Officer Melvin Mervine.
 
 
 2
 For reasons stated by the district court in its Memorandum and Order of August 21, 1995, the applicable statute of limitation to plaintiff's claims under 42 U.S.C. § 1983 is two years, but also for reasons stated therein, Watford's claims under § 1983 of illegal search and seizure, invasion of privacy, and false arrest/imprisonment are not time-barred.
 
 
 3
 For reasons stated by the district court in its said Memorandum and Order of August 21, 1995, plaintiff's state law claims for assault, false imprisonment and invasion of privacy are barred by the applicable state statute of limitation, but the state law claim for malicious prosecution was timely filed under that statute.
 
 
 4
 With respect to appellant Watford's motion for summary judgment as to his malicious prosecution claim, which motion was based on the reversal of his conviction by the Ohio appellate court, for reasons set out in the district court's Memorandum of August 21, 1995, such determination by the Ohio appellate court that appellant Watford's conviction was illegal does not collaterally estop or operate as res judicata as to these defendants in this litigation.
 
 
 5
 For reasons set out in such order of the district court of August 21, 1995, the district court did not err in granting summary judgment to defendants with respect to Watford's claim of malicious prosecution.
 
 
 6
 For reasons set out in the district court's Memorandum and Order of November 2, 1995, the district court did not err in its determination that Sergeant Brady and Officer Mervine were entitled to summary judgment with respect to appellant's § 1983 claims of false arrest and imprisonment and, further, were entitled to summary judgment with respect to appellant's § 1983 claim of unreasonable search and seizure.
 
 
 7
 The judgments of the district court are therefore AFFIRMED.